UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THOMAS C. WILSON,                          )
                                           )
                    Plaintiff,             )
                                           )   Case: 1:16-cv-02414
        v.                                 )   Assigned To : Unassigned
                                           )   Assign. Date : 12/9/2016
AGENT R. HINER,                            )   Description: Pro Se Gen Civil (F Deck)
                                           )
                    Defendant.             )

MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and his *pro se* civil complaint. The application will be granted, and the complaint will be dismissed without prejudice.

Plaintiff has brought this action against an Internal Revenue Service examiner who found that plaintiff received funds from his ex-wife during tax years 2009, 2010 and 2011, ostensibly for the purpose of investing those funds, and instead used the funds for his own benefit. Notwithstanding the examiner's conclusion that these funds should have been included in plaintiff's gross income for the relevant years, the United States Tax Court issued a decision reflecting the parties' agreement that no deficiencies were owed for tax years 2009, 2010 and 2011.   In this action, plaintiff has demanded a "ruling that he did not 'embezzle' funds" from his ex-wife "per the implicit Tax Court decision." Compl. at 14.

"Article III of the United States Constitution limits the judicial power to deciding 'Cases and Controversies.'" *In re Navy Chaplaincy*, 534 F.3d 756, 759 (D.C. Cir. 2008) (quoting U.S. Const. art. III, § 2), *cert. denied*, 556 U.S. 1167 (2009).  A party has standing for purposes of

4

Article III if his claims "spring from an 'injury in fact' – an invasion of a legally protected interest that is 'concrete and particularized,' 'actual or imminent' and 'fairly traceable' to the challenged act of the defendant, and likely to be redressed by a favorable decision in the federal court." *Navegar, Inc. v. United States*, 103 F.3d 994, 998 (D.C. Cir. 1997) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). Here, in light of the resolution of the Tax Court proceedings, it is not clear that plaintiff has suffered an injury likely to be redressed by entry of a declaratory judgment in his favor. Furthermore, the Tax Court's decision does not address the means or motive by which plaintiff acquired funds from his ex-wife. And, while plaintiff suggests that damages could be awarded "if the Court would do so," Compl. at 13, it is unclear whether plaintiff in fact intends to seek damages, and, if he does, under what legal theory he contends they are available. In short, based on plaintiff's submission, the Court identifies no live controversy regarding whether plaintiff embezzled the funds or obtained them lawfully.

The complaint will be dismissed for lack of subject matter jurisdiction. An Order consistent with this Memorandum Opinion is issued separately.

DATE: 12/8/16

_____
United States District Judge